UNITED STATES v. PATRICK et al.

(Circuit Court, M. D. Tennessee. December 3, 1892.)

No. 2,855.

CIVIL RIGHTS—CONSPIRACY—INDICTMENT.
    An indictment under Rev. St. §§ 5508, 5509, for conspiracy to "injure, oppress, threaten, or intimidate any citizen" in the free exercise of any right or privilege secured by the constitution or laws of the United States, must aver that the persons conspired against were citizens, and it is insufficient merely to allege that they were officers conspired against in the discharge of their official duties.

At Law. Indictment of A. J. Patrick, Morgan Petty, and James Epps, under Rev. St. §§ 5508, 5509, providing a punishment for any persons who conspire to intimidate, etc., any citizen in the free exercise of his rights under the constitution and laws of the United States, or who, in carrying out such a conspiracy, commit any felony or misdemeanor. On demurrer to the indictment. Sustained.

John Ruhm, U. S. Atty.
J. H. Holman and Lamb & Tillman, for defendants.

KEY, District Judge. "If two or more persons conspire to injure, oppress, threaten, or intimidate any citizen," etc., (Rev. St. § 5508,) and "if, in violating the provisions of the preceding section, any felony or misdemeanor be committed, they shall be punished for the same with such punishment as the laws of the state provide." Id. § 5509. The indictment in this case does not allege any conspiracy against the rights of Spurrier, Mather, and Cardwell, etc., as citizens, but as officers. It does not aver that they were citizens of the state or of the United States. Admitting that the sections referred to may apply to officers in the discharge of their official duties, it cannot be admitted that they do so unless such officers are citizens, and it seems to me that citizenship should be averred. The case of Logan v. U. S., 144 U. S. 263, 12 Sup. Ct. Rep. 617, does not sustain a contrary view. The indictment in that case alleged that the persons conspired against were citizens of the United States. Logan v. U. S., supra, 144 U. S. 265, 282, 12 Sup. Ct. Rep. 618, 622. The demurrer is sustained.